## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| THOMAS J. BRICKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-1174 SRW |
| | ) |
| THE ST. LOUIS JUSTICE CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented Plaintiff Thomas J. Bricker's complaint titled "Complaint #1 Cruel and Unusual Punishment" and "Complaint #2 Medical Neglect." ECF No. 1. Plaintiff has also attached a "Declaration in Support of Motion to Proceed in Forma Pauperis." ECF No. 3. The complaint and application are defective because they have not been drafted on Court forms. *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms.").

Because Plaintiff is proceeding without counsel, the Court will allow him the opportunity to file an amended complaint and an amended application to proceed in district court without prepaying fees or costs on Court-provided forms. Plaintiff has thirty (30) days from the date of this Order to file an amended application and an amended complaint in accordance with the specific instructions set forth here.

### Instructions for Filing an Amended Complaint

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and so it must include all claims he wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended

complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure. All claims in the action must be included in one centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a). Plaintiff should fill out the complaint form in its entirety. If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, Plaintiff is advised to indicate the assigned case number of this action: Case No. 4:24-CV-1174-SRW. Additionally, Plaintiff should clearly name every party he is intending to sue. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all Defendants must be clearly listed.

Here, Plaintiff identifies the Defendants as "The St. Louis Justice Center," "The St. Louis Justice Medical," and "Other Individuals Responsible." Plaintiff's attempt to name "Other Individuals Responsible" as a party is inappropriate because they are unidentifiable and indeterminate in number. In general, fictitious parties cannot be named as defendants in a civil action. *See Phelps v. United States Fed. Gov't*, 15 F.3d 735, 739 (8th Cir. 1994). *See also Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). An action may proceed against a party whose name is unknown *only if* the complaint makes sufficiently specific allegations to permit the identity of the party to be

2

ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). As such, the complaint as currently written is legally frivolous as to "Other Individuals Responsible." Additionally, to the extent Plaintiff is intending to sue the St. Louis Justice Center itself, such a claim cannot stand. *See Ausler v. Glass*, 2022 WL 1239783, at *3 (E.D. Mo. Apr. 26, 2022) ("The Justice Center . . . is a subdivision of local government, and not a distinctly suable entity.").

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In structuring his amended complaint, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.  If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, Plaintiff should only include claims that are related to each other. Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. Fed. R. Civ. P. 18(a).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing multiple defendants, it is important he establish the responsibility of each separate defendant for harming him. That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for Plaintiff to make general allegations against all the defendants as a group. Rather, Plaintiff needs to provide the role of each named defendant in this case, so he or she can receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail Plaintiff a copy of the Court's 'Prisoner Civil Rights Complaint' form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail Plaintiff a copy of the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court's form within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that Plaintiff must submit an amended motion to proceed in forma pauperis on the proper Court form within **thirty (30) days** of the date of this Order.

4

**If Plaintiff fails to comply with this Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 29th day of August, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE