**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS J. BRICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-CV-1174 SRW |
| | ) | |
| THE ST. LOUIS JUSTICE CENTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court upon review of self-represented Plaintiff Thomas J. Bricker's second amended complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the Court will allow Plaintiff one *final* opportunity to submit an amended complaint.

**Background**

On August 27, 2024, Plaintiff filed a complaint that was not on a proper Court form as required by E.D. Mo. Local Rule 2.06(A). ECF No. 1. Plaintiff was provided with a blank Prisoner Civil Rights Complaint form with instructions on how to properly format his claims. ECF No. 6.

Plaintiff subsequently filed an amended complaint on the correct form against the St. Louis Justice Center ("SLJC") and all "medical staff" at the SLJC in their official capacities. ECF No. 11. He alleged, on August 20, 2021, an unidentified correctional officer opened his cell door allowing three inmates to enter and attack him. *Id.* at 12. Plaintiff was taken to the SLJC's medical department where it was determined he had broken bones in his ribs and hand. *Id*. at 13. He was then brought to Barnes Jewish Hospital (the "Hospital"). *Id*. Hospital staff recommended he be admitted for a consult with a bone specialist, but the SLJC escort officers refused permission. *Id.* He alleged he was taken back to SLJC without receiving proper treatment and placed back into

general population. *Id.* Plaintiff complained about pain for seven days until he was brought back to SLJC's medical department. *Id.* He claimed SLJC medical staff admitted they had forgotten about him. *Id.* at 14. He was then transferred back to the Hospital for "emergency surgery, where steel pins [were] placed inside his hand." *Id.* He was told to return in one month for pin removal, but was not transported back until three months later, causing him to have a second unnecessary surgery. *Id.* at 14-15. He asserts SLJC staff were aware of his need for a one-month follow-up because both him and his caseworker "made many attempts" to inquire. *Id.* at 15-16. Because of the alleged lack of treatment, Plaintiff cannot bend two of his fingers. *Id.* at 16. He believes the permanent damage could have been prevented if he received proper and timely medical care.

On September 27, 2024, the Court reviewed Plaintiff's amended complaint and determined it was subject to dismissal. ECF No. 12. First, the claims against the SLJC failed because: (1) a subdivision of local government is not suable entity under 42 U.S.C. § 1983; and (2) even if the City of St. Louis was substituted as the Defendant, Plaintiff failed to state a municipal liability claim. Second, the claims against "medical staff" in their official capacities failed because conclusory allegations that entire groups have violated a constitutional right are not acceptable. In order to survive initial review, Plaintiff must name a specific defendant(s) and allege facts connecting the defendant(s) to the challenged action. In consideration of Plaintiff's self-represented status and the serious allegations he presented, the Court permitted him the opportunity to file a second amended complaint.

## Second Amended Complaint

On October 9, 2024, Plaintiff filed his second amended complaint against the City of St. Louis and the St. Louis Justice Center. ECF No. 13. In the section to list the Defendants, Plaintiff writes: "Commissioner, Individual Responsible" under "The City of St. Louis," and

"Officers/Staff Members Responsible" under "The St. Louis Justice Center." *Id.* at 2-3. He does not name or identify any specific individual defendants, such as the correctional officers who denied him treatment. He also does not include the facts that he alleged in his first amended complaint. Rather, the section designated to provide his "Statement of Claim" is left blank. *See id.* at 3.

Submitted with his complaint is a one and half page typed document titled, "Motion to Amend or Aid the Court's . . . On Plaintiff's Claim's." *Id.* at 11-12 (ellipses in original). Within, Plaintiff alleges "that the City of St. Louis deliberately failed to train or supervise the employees working for the Justice Center of the City of St. Louis. Therefore[,] leaving the City of St. Louis liable for the abuse and neglect suffered by Plaintiff that was caused by the Defendant[]s." *Id.*

**Discussion**

Having thoroughly reviewed and liberally construed Plaintiff's second amended complaint, the Court concludes that it is once again subject to dismissal. However, in consideration of Plaintiff's self-represented status and the serious allegations he presents, the Court will allow him **one *final opportunity*** to file an amended complaint that is in compliance with the instructions of this Court, the Court Orders dated August 29, 2024 and September 27, 2024, and the Federal Rules of Civil Procedure.

First, as Plaintiff has previously been warned, the filing of an amended complaint completely replaces the original complaint, and so it must include all claims he wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.*

Therefore, Plaintiff must include all facts that support his claim within the third amended complaint. The Court will *not* reference previously filed complaints to determine whether it should pass initial review under 28 U.S.C. § 1915(e)(2). In other words, Plaintiff should *not* leave the "Statement of Claim" section blank. The third amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.[1]

Second, the St. Louis Justice Center cannot be named as a defendant as it is not a suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Third, to the extent Plaintiff wishes to, he cannot allege a blanket claim against "Commissioners, Individuals Responsible" in the City of St. Louis or "Officers/Staff Members Responsible" at the SLJC. As explained in the Court's August 29, 2024 Memorandum and Order, a plaintiff cannot name defendants who are unidentifiable and indeterminate in number. In general,

---

[1] In the "Statement of Claim" section, Plaintiff should begin by writing a Defendant's name. In separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting his claim against that Defendant, and (2) state what constitutional or federal statutory right(s) that Defendant violated. If Plaintiff is suing more than one Defendant, he should proceed in the same manner with each one, separately writing each individual Defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim(s) against that Defendant.

fictitious parties cannot be named as defendants in a civil action. *See Phelps v. United States Fed. Gov't*, 15 F.3d 735, 739 (8th Cir. 1994). *See also Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). An action may proceed against a party whose name is unknown only if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Thus, if Plaintiff would like to allege claims against individual defendants – correctional officers or medical staff – he must identify them by their name *and* allege specific facts connecting them to the action.

Fourth, Plaintiff only makes conclusory allegations regarding the City of St. Louis' failure to train and supervise its SLJC employees but provides no specific facts and fails to point to any pattern of such conduct by City employees. There are no facts showing that the City of St. Louis had notice that its training procedures were inadequate, were likely to result in a constitutional violation, or that any purported failure to train actually caused Plaintiff's alleged injury. The Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991). If Plaintiff wishes to plead a municipal liability claim based on a deliberately indifferent failure to train or supervise, he must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Lastly, Plaintiff does *not* need to file a motion for permission to file his third amended complaint. Plaintiff can simply mail his third amended complaint on the proper form and the Clerk

of Court will docket it as such. Plaintiff must file the third amended complaint within thirty (30) days from the date of this Memorandum and Order. If Plaintiff fails to comply with the instructions set forth herein, the Court may dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff must file a third amended complaint on the Court's form within **thirty (30) days** of the date of this Order. Plaintiff is advised that his third amended complaint will take the place of previous filed complaints and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 23rd day of October, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

6