**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| THOMAS J. BRICKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-1174-SRW |
| ) | |
| THE ST. LOUIS JUSTICE CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. For the following reasons, this action will be dismissed without prejudice.

On August 27, 2024, self-represented Plaintiff Thomas J. Bricker filed a complaint that was not on the required Court form. ECF No. 1. After being provided with the correct form, Plaintiff submitted an amended Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against the St. Louis Justice Center ("SLJC") and "all medical staff" in their official capacities. ECF No. 11. On September 27, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* and reviewed his complaint as required by 28 U.S.C. § 1915(e). ECF No. 12. The Court determined it was subject to dismissal for the following reasons: (1) the SLJC is not a suable entity under § 1983; (2) even if the City of St. Louis was substituted for the SLJC, Plaintiff did not state a municipal liability claim; and (3) allegations against entire groups, like "medical staff," is not a proper defendant. *Id.* at 4-6. The Court directed Plaintiff to file an amended complaint to cure his pleading deficiencies and provided him with detailed instructions for amending his complaint in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court. *Id.*

On October 9, 2024, Plaintiff filed a second amended complaint. ECF No. 13. In the section

to list the Defendants, Plaintiff wrote: "Commissioner, Individual Responsible" under "The City of St. Louis," and "Officers/Staff Members Responsible" under "The St. Louis Justice Center." *Id.* at 2-3. He did not name or identify any specific individual defendants. Despite being warned that the filing of his amended complaint would replace the original, he did not include the facts that he alleged in his first amended complaint. Rather, the section designated to provide his "Statement of Claim" was left blank. *See id.* at 3. Upon another review, the Court once again explained the pleading deficiencies to Plaintiff and provided him with detailed instructions on how to present his claims to the Court. ECF No. 14. The Court instructed Plaintiff that it would "allow him **one *final opportunity*** to file an amended complaint that [wa]s in compliance with the instructions of this Court[.]" *Id.* at 3 (emphasis in original). Plaintiff had thirty (30) days, or until November 22, 2024, to comply. He was warned that failure to timely comply could result in the dismissal of this action, without prejudice and without further notice.

As of the date of this Memorandum and Order, Plaintiff has not complied with the Court's directive to amend his complaint, nor has he sought additional time to do so. The Court gave Plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time to comply. Therefore, this action will be dismissed without prejudice due to Plaintiff's failure to comply with the Court's October 23, 2024 Memorandum and Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result

from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of December, 2024.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE